# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Yumi Dwayne Goree** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:11CR00285-001JB** |
| | USM Number: **60283-051** |
| | Defense Attorney: **Steve McCue, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 922(g)(1), 18 U.S.C. Sec. 924(a)(2) | Felon in Possession of Firearms and Ammunition | 11/22/2010 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count .
☐  Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 26, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**March 19, 2012**
Date Signed

Defendant: **Yumi Dwayne Goree**
Case Number: **1:11CR00285-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **57 months**.

**The Court recommends that the sentence run concurrent to the sentence imposed in the state court case.**

The Court incorporates by reference its Memorandum Opinion and Order, filed February 13, 2012 (Doc. 44)("MOO"). Defendant Yumi Dwayne Goree, pursuant to a Plea Agreement, filed April 6, 2011 (Doc. 24), pled guilty to the Indictment, filed February 10, 2011 (Doc. 1), charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being a Felon in Possession of Firearms and Ammunition. Plaintiff United States of America agrees that it will recommend a sentence at the low end of the calculated guideline imprisonment range. See Plea Agreement ¶ 9(d), at 6. Pursuant to the Plea Agreement, Goree is precluded from seeking any downward departure or variance in his sentence. See Plea Agreement ¶ 9(b), at 6. On October 20, 2011, the parties filed a second plea agreement. See Doc. 39 ("Modified Plea Agreement"). In the Modified Plea Agreement, the parties changed paragraph 9(b) so that it now provides that the parties "reserve their rights to assert any position or argument with respect to the sentence to be imposed," including the applicability of a departure or variance. Modified Plea Agreement ¶ 9(b), at 5.

The United States Probation Office ("USPO") disclosed the Presentence Investigation Report ("PSR") in this matter on June 9, 2011. See PSR at 2. The PSR calculates a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A). See PSR ¶ 28, at 8. The PSR applies a 2-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(1)(A), because the offense involved between three and seven firearms. See PSR ¶ 29, at 9. The PSR applies another 2-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4)(A), because the Glock 19 that Goree possessed was stolen. See PSR ¶ 30, at 9. The PSR then increases the offense level 4 levels pursuant to U.S.S.G. § 2K2.1(b)(6), because a firearm was used or possessed in connection with another felony offense. See PSR ¶ 31, at 9. The USPO then reduces the adjusted offense level 3 levels for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. See PSR ¶ 36, at 10. The PSR calculates Goree`s total offense level as 25. See PSR ¶ 37, at 10. The PSR calculates that Goree has a criminal history category of V based on 10 criminal history points. See PSR ¶ 46, at 19. A total offense level of 25 and a criminal history category of V, establish a guideline imprisonment range of 100 to 125 months. See PSR ¶ 101, at 33. Pursuant to U.S.S.G. § 5G1.1(c)(1), however, the guideline imprisonment range is 100 to 120 months, because the maximum term of imprisonment under 18 U.S.C. § 924(a)(2) is ten years. See PSR ¶¶ 100-101, at 33-34. On June 28, 2011, the USPO re-disclosed the PSR. See Re-Disclosed PSR at 2. In the Re-Disclosed PSR, the USPO calculates that Goree`s criminal history category is IV, based on 8 criminal history points, because an intervening arrest did not separate two of the offenses. See Re-Disclosed PSR ¶¶ 42-44, at 16-19. A total offense level of 25 and a criminal history category of IV, establish a guideline imprisonment range of 84 to 105 months. See Re-Disclosed PSR ¶ 99, at 33. There being no disputes about the factual findings in the Re-Disclosed PSR, the Court adopts them as its own.

Goree requests that the Court impose a 48-month sentence. The United States concedes that Goree has had a difficult life, but argues that a variance to 48 months is an inappropriate sentence. At the hearing on October 26, 2011, the parties agreed to the Court reducing Goree`s offense level a third-level pursuant to U.S.S.G. § 3E1.1. The Court accepts the Modified Plea Agreement. The Court has, as the record will reflect, carefully reviewed the Re-Disclosed PSR`s guideline calculations, and, there not being any remaining objections to those, adopts them as its own. A criminal offense level of 25 and a criminal history category IV produces a guideline sentence of 84 to 105 months.

At the October 26, 2011 hearing and in its MOO, the Court overruled an objection to the PSR with respect to the number of days of credit Goree would receive for his time in custody, because the Bureau of Prisons has the authority to calculate this credit. See MOO at 15-16. The Court agreed to discuss this issue in the Judgment and Commitment Order. See MOO at 16-17. Accordingly, the Court again notes that the parties do not dispute that Goree is entitled to 142 days credit for his time in custody.

The Court notes that Goree was found in the possession of four firearms and ammunition on November 22, 2010, and on December 11, 2010, after having previously been convicted of three felony offenses. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. Specifically, the Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. After carefully reviewing the facts and circumstances of Goree`s case, the hard life he has experienced, and other mitigating circumstances, the Court concludes that the punishment set forth in the guidelines is not appropriate for this offense. The Court has considered the kinds of sentences established by the guidelines and does not believe it can justify varying down to Goree`s requested sentence of 48 months. The Court believes that the sentence must reflect at least part of the enhancement Goree received

because of the relevant conduct and the December 11, 2010 arrest. Goree would have the Court vary approximately six levels, undermining the effect of the enhancements for the special offense characteristics and his related conduct. The United States proposed varying downward two or three levels to a guideline imprisonment range of 70 to 87 months or 63 to 78 months, but argued that a sentence of 48 months was not appropriate. The Court is reluctant to eliminate the effect of the relevant conduct entirely, but is mindful that Goree will face state charges for that related conduct and that it may be punished separately. The Court believes that a variance is appropriate in part because, despite his criminal history, Goree has not experienced some of the benefits that the federal system can provide. Because Goree now has children and because the federal system has the resources to provide Goree with more support, the Court believes that an 84-month sentence is not necessary to achieve the purposes of 18 U.S.C. § 3553(a). Goree had a very difficult childhood, beginning with his mother`s abandonment and proceeding to his unstable upbringing in the foster care system. The Court believes that Goree`s family circumstances, his lack of guidance as a youth, and the fact that it is the relevant conduct pushing his offense range higher justifies a variance. Accordingly, the Court will vary downward to a sentence of 57-months imprisonment. The United States agreed that a variance of approximately three levels is appropriate, while Goree asked the Court for a six level variance. The Court considered a three-level variance but believes that such a sentence would overemphasize the relevant conduct. This sentence is a 4-level variance with a sentence at the low end of the guideline range of 57 to 71 months. Alternatively, this sentence could be viewed as a variance of approximately 6-offense levels, establishing a guideline range of 46 to 57 months, and that the sentence is at the high end of that range because of his lengthy criminal history, the circumstances of the offense, and the relevant conduct. The Court believes that a sentence of 57-months imprisonment is adequate to reflect the seriousness of the offense and to promote respect for the law. Such a sentence will also provide a more just punishment given the mitigating factors here. Furthermore, the Court thinks that a 57 month sentence is a lengthy sentence which will afford adequate deterrence and protect the public. The Court is concerned about the serious nature of the offense and the relevant conduct, but believes that the particular circumstances of the case and the mitigating factors that the Court has mentioned are sufficient to justify the variance and to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The Court believes that Goree`s case highlights his need for some education, training, and care, which this sentence`s term of supervised relief will provide, to ensure that he does not repeat his conduct.

The Court believes that a sentence of 57-months imprisonment fully and effectively reflects each of the factors in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Goree to 57-months imprisonment.

☒     The court makes the following recommendations to the Bureau of Prisons:

        **The Court recommends FCI Farimont, New Jersey, if eligible.**

☒     The defendant is remanded to the custody of the United States Marshal.
☐     The defendant shall surrender to the United States Marshal for this district:
        ☐     at  on
        ☐     as notified by the United States Marshal.
☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        ☐     before 2 p.m. on
        ☐     as notified by the United States Marshal
        ☐     as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____ at _____ with a Certified copy of this judgment.

                                                                                                     _____

UNITED STATES MARSHAL

By _____

DEPUTY UNITED STATES MARSHAL

Defendant: **Yumi Dwayne Goree**
Case Number: **1:11CR00285-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Yumi Dwayne Goree**
Case Number: **1:11CR00285-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms, weapons, alcohol, illicit substances, and any other illegal contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**As to Standard condition No. 5, it shall be revised as follows: The Defendant shall obtain and maintain full time, legitimate employment, or attend a vocational or academic training program as approved by the probation officer, throughout the term of supervised release.**

**As to Standard condition No. 13, it shall not apply.**

**The Defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The Defendant must participate in and successfully complete an outpatient substance abuse treatment program, as recommended by the treatment provider and as approved by the probation officer, which may include testing or outpatient counseling. The Defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The Defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The Defendant must participate in and successfully complete a mental health treatment program as recommended by the treatment provider and as approved by the probation officer, which may include outpatient counseling. The Defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.**

Defendant: **Yumi Dwayne Goree**
Case Number: **1:11CR00285-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A ☒ In full immediately; or
B ☐ $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the defendant forfeits his rights, title, and interest to the property listed in paragraph 13 of the Plea Agreement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.